48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James CURRY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7005.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 7 Vet.App. 59.
 MOTIONS GRANTED.
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss James Curry's appeal for lack of jurisdiction. Curry has not filed a response.
 
 
 2
 Curry served in the military from 1942 to 1945. Almost all of the veteran's service medical records are missing and presumed destroyed by a fire. On July 19, 1993, the Board of Veterans Appeals denied Curry's claim for entitlement to service connection for chronic obstructive pulmonary disease. The Board determined that, although the regional office erred in determining that Curry had not submitted new and material evidence, such error was harmless because Curry presented arguments on the merits of his claim.
 
 
 3
 The Court of Veterans Appeals affirmed the Board's denial of benefits. In its decision, the Court of Veterans Appeals considered an issue of first impression, i.e., the appropriate standard to use in reviewing a Board decision determining that an appellant was not prejudiced by the Board's deciding an issue that had not first been decided by the regional office. The Court of Veterans Appeals decided that it would review the issue of the existence of prejudice as a question of law.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 Even though the Court of Veterans Appeals decided an important question of first impression, it did not interpret or rely on a statute, regulation, or constitutional provision. Further, Curry does not challenge or seek review of any such determinations. In his informal brief, Curry argues that the Court of Veterans Appeals should have "applied the benefit of the doubt law" to his case. The crux of Curry's argument is that the Court of Veterans Appeals misapplied the law to the facts of his case. However, this court has no jurisdiction to review challenges to the Court of Veterans Appeal's application of the law to the facts of Curry's case. Because this court cannot review such determinations, we must dismiss. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.